Ruffij>1; C, J.
We think it sufficient for the petition to follow the language of the statute, and allege that the hus *109 band died seised. It is not necessary it should notice the deeds to some of the heirs at law ; for the widow may not know of them, or not so as to describe them, or that the donee will insist on them. Besides, if they be fraudulent, they are void by the statute as to her, and she may treat the land as if the deed had no existence. In Littleton v Littleton, 1 Dev. & Bat. 327, and Norwood, v Marrow, 4 Dev. & Bat. 442, the petitions stated, that the husband died seised, and the heirs took issue thereon in that general form ; which was approved. On the trial of the issue the deeds are evidence) that the husband did not die seised ; and that may be rebutted by evidence upon their lace, or proof aliunde, that they were executed in fraud of the wife.
Upon the evidence in this case the instructions to the jury were, in our opinion, entirely proper. The deeds conveyed to two of the children 900 acres out of 1006 acres of land, and 22 out of 25 slaves, which the husband owned ; leaving but 106 acres of land to descend to two other children ; and out of which his widow was to be endowed. There is direct evidence, that the deeds were intended to operate only after the husband’s death ; and in fact, he continued in the enjoyment of the property while he lived. This, we said in Littleton v Littleton, shewed the deed to be but colora-ble, as an immediate conveyance, and, that, without interfering with the maker’s own enjoyment, it was intended to hinder that of the wife; and, so, was void as against her. But here the husband plainly declared, that his object in making the deeds was to defeat his wife of the right of claiming dower as secured to her by law ; which makes the case one of express fraud. The only way of repelling that imputation would have been for the husband to make an effectual povision for the wife, as much to her advantage asif the deeds had not an existence.
For that reason, we do not see, if the imperfect will had been completed, that it would have purged the positive fraud designed in executing the deeds. But it is not necessary to consider that, as we are of opinion, that the paper was properly rejected. Not being a will, it is but an empty *110 subsequent declaration of the party, who perpetrated a legal fraud, that he did not intend to do so, or was willing to make some reparation for it, as far as he could. It is irrelevant to establish a bona Jide intention in making the deeds.
Per Curiam, Judgment affirmed.